

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Criminal Action No. 3:13-CR-67<br>Civil Action No. 3:14-CV-668 |
| ANTURAN D. MORRIS, | |
| Petitioner. | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner Anturan D. Morris' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 47). For the reasons set forth below, the Court DENIES the § 2255 Motion.

### I. BACKGROUND

#### a. *Factual Background*

On December 10, 2012, Richmond Police Department officers were patrolling the Fairfield Court housing project, in the City of Richmond, and observed the Petitioner, Anturan D. Morris ("Morris" or "Petitioner"), and other individuals standing in the street, possibly trespassing. When the officers approached the group of individuals, Morris took off running in the opposite direction. Officers pursued Morris and during the pursuit Morris was observed pulling a handgun from the inside area of his coat and throwing the handgun to the ground. The handgun was secured and Morris was apprehended.

After being *Mirandized*, Morris was transported to Richmond City Jail. He stated that he was carrying the gun due to unknown individuals shooting at his mother's house on North 23rd Street, and that the gun was for protection.

//

### b. *Procedural Background*

On April 2, 2013, a federal grand jury in the Eastern District of Virginia returned a one-count indictment (ECF No. 1) against Morris, charging him with possession of a firearm by a convicted felon, in violation of 21 U.S.C. § 922(g)(1) ("Count One"). Morris was arrested on the indictment on May 20, 2013. He then pleaded not guilty to Count One, and requested a trial by jury. (ECF No. 10.)

On July 23, 2013, the jury trial in this matter commenced. Following a one-day trial, the jury returned a unanimous verdict of guilty on Count One of the indictment. (*See* ECF Nos. 24, 27.) On October 30, 2013, this Court sentenced Morris to 51 months' imprisonment and three years of supervised release. (ECF No. 36.) Morris then filed a Notice of Appeal on November 7, 2013. (ECF No. 38.) On June 11, 2014, the Fourth Circuit affirmed Morris' conviction. (ECF Nos. 44, 45.)

On September 30, 2014, Morris filed the instant § 2255 Motion. In his § 2255 Motion, Petitioner alleges one ground for relief:

> Ground One: Ineffective assistance of counsel for failing to challenge the indictment based on lack of subject matter jurisdiction

The United States filed a response in opposition on May 1, 2015 ("Gov'ts Resp.") (ECF No. 50). Morris subsequently filed a reply on May 22, 2015 ("Reply Mem.") (ECF No. 51). The issue is now ripe for review.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if

the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, the Court should generously interpret Morris' factual allegations and legal contentions.

### III. DISCUSSION

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of *Strickland*, the performance prong, requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). The second prong of *Strickland*, the prejudice prong, requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If it is clear the petitioner has failed to satisfy either prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other. *Id.* at 697.

Here, Morris argues ineffective assistance of counsel for counsel's failure to file a motion to dismiss the indictment on jurisdictional grounds. (Mem. in Supp. of § 2255 Mot. at 4.) Relying on *Jones v. United States*, 529 U.S. 848 (2000), *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995), Morris specifically argues that § 922(g) is unconstitutional as it exceeds Congress' authority under the Commerce Clause of the United States Constitution. (*See id.* at 5.) In opposition, the Government asserts that "the constitutionality of Section 922(g) has been well established and therefore, counsel's failure to file a frivolous motion does not rise to the level of ineffective assistance of counsel." (Gov'ts Resp. at 3.)

The indictment in this case charged Morris with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) That statute provides,

> It shall be unlawful for any person–
> (1) Who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Subsequent case law has further defined the contours of this statute. In *Scarborough*, the Supreme Court held that only a "minimal nexus that the firearm ha[s] been, at some time, in interstate commerce," is required to satisfy the interstate commerce nexus of the statute. *Scarborough v. United States*, 431 U.S. 563, 575 (1977). The Fourth Circuit has held that "the Government may establish the requisite interstate commerce nexus by showing that a firearm was manufactured outside the state where the defendant possessed it." *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001) (citation omitted).

Morris attempts to argue that § 922(g) is unconstitutional. (Mem. in Supp. of § 2255 at 9.) However, courts have expressly held that § 922(g) is constitutional because it specifically "requires the government to prove that the firearm was 'ship[ped] or transport[ed] in interstate or foreign commerce'; was 'possess[ed] in or affect[ed] commerce'; or is received after having

been 'shipped or transported in interstate or foreign commerce.'" *United States v. Bostic*, 168 F.3d 718, 723 (4th Cir. 1999). Therefore, because § 922(g) "contains an express jurisdictional element, it does not exceed Congress' authority under the Commerce Clause." *Id.*; *see also United States v. Wells*, 98 F.3d 808, 811 (4th Cir. 1996). Consequently, Morris' claim is wholly unavailing, and any jurisdictional challenge made by defense counsel would have been frivolous. "Because it is not ineffective assistance when counsel fails to make a frivolous objection," *Canda v. United States*, No. 1:07CR356, 2010 WL 722770, at *4 (E.D. Va. Feb. 26, 2010), Morris' claim must be denied.

Moreover, the Government proved the interstate commerce nexus at trial. Specifically, the Government called Joshua Valot ("Valot"), Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, to the stand. (Trial Tr., ECF No. 42, at 135:19–21.) Valot was qualified as an expert in the area of interstate commerce. (*Id.* at 136:13–21.) Valot then testified that he looked at the firearm and determined that it was manufactured in Connecticut. (*Id.* at 137:11–23.) Valot also specifically noted that the top part of the firearm, known as the "slide," was manufactured in Springfield, Massachusetts. (*Id.* at 138:3–11.) This testimony was thus sufficient to satisfy the requisite interstate commerce nexus of § 922(g). *See Gallimore*, 247 F.3d at 138. Accordingly, any motion by defense counsel challenging the interstate commerce element would have been flatly rejected.

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529

U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Morris is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## V. **CONCLUSION**

For the foregoing reasons, the Court hereby DENIES the § 2255 Motion and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Petitioner and all counsel of record.

An appropriate Order shall issue.

/s/
James R. Spencer
Senior U. S. District Judge

ENTERED this 25th day of June 2015.